UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| FELICIA SCROGGINS | : | CIVIL ACTION NO. |
| | : | |
| VERSUS | : | JUDGE: |
| | : | |
| CITY OF SHREVEPORT | : | MAGISTRATE: |
| | : | **JURY DEMAND** |

# C O M P L A I N T

NOW INTO COURT, through undersigned counsel, comes FELICIA SCROGGINS, ("Scroggins" or "Plaintiff") who shows as follows:

## I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of the American with Disabilities Act, 42 U.S.C. §§12101 *et seq.,* Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e et seq. and deprivations of procedural due process rights as guaranteed to Plaintiff by La. Const. Art. I, Section 2. Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331.

## II. PARTIES

2. Plaintiff, FELICIA SCROGGINS, is an adult African American female citizen of the United States and the State of Louisiana. She is domiciled in Shreveport, Caddo Parish, Louisiana.

3. Defendant CITY OF SHREVEPORT is a municipality organized under the laws of the State of Louisiana with the capacity to sue and be sued. The City of Shreveport operates a

regularly paid Shreveport Fire Department ("SFD") under the Civil Service provisions of La. R.S. 33:2471, et seq.

4. At all times referred to in this Complaint, the Defendant employed fifteen (15) or more employees. Defendant is Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e(b).

### III. FACTUAL ALLEGATIONS

5. Plaintiff, an African American female, began employment with Defendant May 15, 2001, and last held the rank of Fire Engineer.

6. Ms. Scroggins was on leave for knee surgery October 7, 2021, and she was released back to work on July 8, 2022. She, then, took an approved vacation beginning July 8, 2022, followed by bereavement leave due to the death of her father. On or about Auguust 22, 2022. Plaintiff reported for retraining. She was placed on light duty on August 29, 2022. As part of her light duty, Plaintiff was scheduled to work 4 hours a day 5 days a week. She worked that schedule up until she was diagnosed with COVID-19 on December 12, 2022. She returned on December 19, 2022, working the same hours until January 11, 2023. On January 16, 2023, Plaintiff was moved to start 8 hours a day 5 days a week; however, her employment was terminated on January 19, 2023.

7. Specifically, on October 17, 2022, Plaintiff attended an evaluation conducted by a licensed psychologist retained by the Defendant to evaluate her fitness for duty and plan her transition back to full duty.

8. The Defendant's psychologist recommended that Plaintiff discuss with her health care provider a reasonable transition plan from light-duty to full duty.

9. Plaintiff consulted her health care provider, as recommended by the City's evaluator. Plaintiff's health care provider completed a City of Shreveport Sick Leave Use Certificate that was provided to the Defendant.

10. The Defendant's Sick Leave Use Certificate Form provided instructions to the health care provider who would be completing the form, and further advised the health care provider that "Our department offers Limited Duty / Modified Duty assignments for All injuries/illnesses."

11. Plaintiff's health care provider stated in the Sick Leave Use Certificate that Plaintiff was "unable to return to work in Full Capacity but does have the ability to work in a Limited / Modified Duty Assignment." The health care provider further stated that Plaintiff could perform limited / modified duty of 8 hours a day, 5 days a week beginning Monday, January 16, 2023, and that she would re-evaluate Plaintiff on February 8, 2023. The Plaintiff's health care provider further stated that Plaintiff was expected to make a full recovery.

12. Despite the recommendation from Defendant's psychologist that Plaintiff be phased back to full duty, and despite having received a phase-in plan from Plaintiff's health care provider, Defendant terminated Plaintiff's employment on January 19, 2023.

13. Louisiana Revised Statute 33:1995 provides an employee in the fire service up to 52 weeks of sick leave, during which the employee's job position is to be held for the employee's return.

14. Plaintiff had not exhausted statutory sick leave when her employment was terminated.

15. Plaintiff has experienced on-going discrimination and retaliation during her employment with Defendant. She has filed multiple grievances and several complaints with the

Equal Employment Opportunity Commission ("EEOC") asserting claims of sex and race discrimination. She has filed complaints of retaliation based upon her prior protected activity.

16. At the time of termination, Plaintiff had a pending lawsuit against the Defendant asserting Title VII claims, Felicia Scroggins v. City of Shreveport, Civil Action No. 18:00201, in the Western District of Louisiana.

17. Plaintiff was singled out for disparate treatment in the use of sick leave because of her prior protected activity. Defendant did not terminate the employment of other employees whose sick leave usage was investigated and who had not exhausted the statutory limit of sick leave.

18. Plaintiff has a psychological impairment arising from trauma that is triggered by certain settings as hospital settings. Plaintiff was using sick leave as an accommodation to obtain treatment for her condition. Her prognosis was good, and it was expected that she would return to full duty.

19. Defendant could have accommodated Plaintiff by allowing her to use statutory sick leave during her treatment and to phase-in to full duty as recommend by the Defendant's psychologist and the Plaintiff's health care provider, but instead denied her accommodation and terminated her employment.

20. As a permanent employee in the classified fire service, Plaintiff had a property interest in her job position and in statutory sick leave protected by the procedural due process provisions of Louisiana Constitution Article I, Section 2.

21. Defendant deprived Plaintiff of her property interest in statutory sick leave and her job position without due process.

22. Specifically, Defendant failed to give Plaintiff any useful opportunity to defend against erroneous termination, failed to have Plaintiff attend a follow-up fitness for duty as recommended by the Defendant's own professional, and pre-judged Plaintiff.

23. As a result of the termination of her employment, Plaintiff has suffered extreme economic injury and emotional distress.

## IV.  ADMINISTRATIVE PREREQUISITES

24. Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue on August 3, 2023. Plaintiff has complied with all administrative prerequisites for filing this suit.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION: AMERICANS WITH DISABILITIES ACT

25. Defendant is a "covered entity" employer under 42 U.S.C. §12111(5)(A).

26. Plaintiff is a qualified individual with a disability. She had a psychological impairment that substantially affected her ability to perform daily activities due to depression and anxiety and fear of encountering an anxiety trigger. .

27.  Plaintiff was qualified to perform her job, as she met all requirements of her position of employment as a fire engineer.

28. Plaintiff required the reasonable accommodation of sick leave. Sick leave was provided by statute. Her prognosis was favorable. She was expected to phase-in to full-time duty before the sick leave period was exhausted.

29. Defendant discriminated against Plaintiff on the basis of disability by refusing to accommodate her disability and terminating her employment.

30. Pursuant to the provisions of the Americans with Disabilities Act, Plaintiff seeks, and is entitled to receive reinstatement, back pay, front pay in lieu of reinstatement, compensatory damages for emotional distress, and reimbursement of her costs and attorney's fees.

## SECOND CAUSE OF ACTION: TITLE VII RETALIATON

31. The actions, conduct and practices of Defendant complained of herein constitute purposeful harassment and discrimination against Plaintiff based upon her prior protected activity in violation of 42 U.S.C. §§2000e, *et seq.*

32. Defendant targeted Plaintiff for termination and disregarded its own sick leave provisions to retaliate against Plaintiff because of her prior protected Title VII activity.

33. Pursuant to the provisions of Title VII, Plaintiff is entitled to receive reinstatement, back pay, front pay in lieu of reinstatement, compensatory damages, and reimbursement of her costs and attorney's fees.

## THIRD CAUSE OF ACTON: NULLITY

34. As a permanent employe in the classified service, Plaintiff had a property interest in her employment and in her right to statutory sick leave.
Defendant terminated Plaintiff's sick leave and her employment without providing her with the procedural due process protections required by La. Const. I, Art. 2.

35. As to Plaintiff's sick leave, Defendant failed to give Plaintiff a reasonable opportunity to defend herself against erroneous termination of sick leave.

36. Defendant did not make an informed decision about Plaintiff's continued use of sick leave based on her health care provider's return to work plan. Defendant's decision-makers

were not qualified to make an assessment and they failed to consult a qualified professional. This was a due process violation.

37. The failure to adhere to due process requirements as to Plaintiff's sick leave also resulted in termination of Plaintiff's property interest in employment without due process.

38. Under Louisiana law, deprivation of a municipal employee's property interest in employment or an employment benefit renders the deprivation an absolute nullity. The employee is entitled to immediate reinstatement, with back pay, and a full make whole remedy.

39. Plaintiff seeks an order from this Court declaring the termination of her sick leave and the termination terminating of her employment as absolute nullities and ordering her to be fully restored immediately.

## VI. JURY TRIAL DEMANDED

40. Plaintiff demands a trial by jury as to all matters permitted by law.

## VII. RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A) That the Court declare the employment practices of which complaint is made to be in violation of Title VII, 42 U.S.C. §2000e *et. seq.*, and otherwise inculpatory and illegal;

(B) That the Court declare the employment practices of which complaint is made to be in violation of the Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq.*

( C) That the Court declare the termination of Plaintiff's sick leave and the termination of her employment absolute nullities and order her immediate reinstatement with full make whole relief.

(D) That the Court order Defendant to reinstate Plaintiff or alternatively award back and front pay;

(E)    That Plaintiff be awarded compensatory damages, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination and retaliation against her.

(F)    That Plaintiff be awarded the costs of this action, including attorneys' fees as permitted by statute.

(G)    For trial by jury for those matters triable to a jury; and

(H)    That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: ___*/s/ Allison A. Jones*___
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| FELICIA SCROGGINS | : | CIVIL ACTION NO. |
| VERSUS | : | JUDGE: |
| CITY OF SHREVEPORT | : | MAGISTRATE: |
| | : | **JURY DEMAND** |

## **VERIFICATION**

BEFORE ME, the undersigned Notary Public, personally came and appeared FELICIA SCROGGINS, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
FELICIA SCROGGINS

SWORN TO AND SUBSCRIBED before me, Notary Public, this 31st day of October, 2023, in Caddo Parish, Louisiana.

_____
NOTARY PUBLIC

DEBBIE F. BENTON, Notary Public
# 49018
Caddo Parish, Louisiana
My Commission is for Life