UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FELICIA SCROGGINS | : CIVIL ACTION NO. |
| | : |
| VERSUS | : JUDGE: |
| | : |
| CITY OF SHREVEPORT | : MAGISTRATE: |
| | : **JURY DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes FELICIA SCROGGINS, ("Scroggins" or "Plaintiff") who shows as follows:

## I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq.* Jurisdiction is based on 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1331.

## II. PARTIES

2. Plaintiff, FELICIA SCROGGINS, is an adult African-American female citizen of the United States and the State of Louisiana. She is domiciled in Shreveport, Caddo Parish, Louisiana

3. Defendant CITY OF SHREVEPORT is a municipality organized under the laws of the State of Louisiana with the capacity to sue and be sued. The City of Shreveport operates a regularly paid Shreveport Fire Department ("SFD") under the Civil Service provisions of La. R.S. 33:2471, et seq.

EXHIBIT
1

4. At all times referred to in this Complaint, the Defendant employed fifteen (15) or more employees. Defendant is Plaintiff's "employer" within the meaning of 42 U.S.C. Section 2000e(b).

## III. FACTUAL ALLEGATIONS

5. Plaintiff has been employed by Defendant since May 15, 2001 and currently holds the rank of a Fire Engineer.

6. On January 22, 2015 a position of Engineer became available at Station 22 at SFD and Plaintiff applied for it.

7. Plaintiff was not selected and a paramedic, Michael Hayes, was chosen over her.

8. Chief R.O. Jones told Plaintiff that Mr. Hayes received the position because he had knowledge of how to do pre-plans.

9. However, Plaintiff was later informed by the IT specialist Mrs. Harrietta and Captain Michael Fredieu at that station, that Mr. Hayes had no idea how to do pre-plans and he had never done them before.

10. The SFD policy was changed after Plaintiff filed a grievance on February 6, 2015 regarding her non-selection for the position of Engineer and hiring of Mr. Hayes.

11 Plaintiff filed the grievance because the SFD policy stated in Section 1.9B that "No Driver or Firefighter Paramedic may bid a non-paramedic position unless all paramedic positions are filled for his/her rank on all shifts."

12 At the time of the bid, two paramedic spots were open.

13. Putting a paramedic in the open non-paramedic position did not meet the Class 1 rating requirements of the station and was discriminatory towards Plaintiff.

14 On August 8, 2015, SFD changed its Administrative Procedures to delete a

requirement regarding paramedics.

15. On August 5, 2015, another position for the Fire Engineer became available for bid again at Station 22.

16. After this position was open for bid for several days, on August 10, 2015, Chief R.O. Jones sent out a memorandum with additional requirements for only Station 22 (even though open positions were posted for five (5) other stations), that the persons bidding had to pass a particular test.

17 This test had never been given before.

18. To meet this newly installed requirement, Plaintiff requested to be assigned to that station ahead of the time in order to gain the knowledge needed to do the job, since there was no formal classroom training for the test.

19 Plaintiff was denied her request by Chief David Dice.

20 Mr. Chris Standridge, who was already working at Station 22 for several months, and was gaining knowledge, was later chosen for the open position.

21. Plaintiff had seniority over Mr. Standridge, but her bid was denied.

22. Plaintiff believes that this special requirement was instituted specifically to ensure that Mr. Standridge would be selected.

23. After Plaintiff's request to assign her to Station 22 to gain the necessary knowledge for the open position was denied, she filed a grievance, and was later given a letter, allowing her to work there for three days only.

24. Plaintiff requested to be placed at the station when Mr. Standridge went on vacation, but Asst. Chief David Dice denied Plaintiff's request and could not give her a reason for his denial.

25. None of the three persons who applied for the position were prepared for the test as they were not properly trained in a classroom setting.

26. Plaintiff did not take the test and neither of the two other persons, who took the test, passed it, but the bid was still awarded to Mr. Standridge, a person with the lowest seniority and a failing score.

27. On July 24, 2015, Plaintiff filed a charge of race and sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

28. Following her filing of the charge with the EEOC, Plaintiff experienced further harassment, scrutiny and additional retaliation.

29. On November 10, 2015, Plaintiff received a Letter of Reprimand for an incident at Bradford Skilled Nursing Facility, in which Plaintiff reported an abuse of her elderly god-mother and called 911 for immediate medical assistance. The SFD did not deem it Plaintiff's responsibility or place to make such call to 911 and issued her a Letter of Reprimand.

30 Plaintiff appealed the Letter of Reprimand with the Fire and Police Civil Service Board and after a hearing was held on February 10, 2016, the matter was overturned, and the Letter of Reprimand was removed from Plaintiff's personnel file.

31 In May 2016, Plaintiff was required to undergo a Fitness for Duty evaluation, which she passed. No other similarly situated co-worker was required to undergo this evaluation. This requirement for Fitness for Duty was clearly motivated by retaliation.

32 On July 30, 2017, Plaintiff was involved in a minor firetruck accident, for which she was issued a Written Directive for Corrective Action.

33. Another male SFD employee, Mr. Marvis Griffin, was also involved in this incident and was Plaintiff's spotter. However, he was not given a Written Directive for

Corrective Action.

34. The investigation into this event was not handled properly, as only the Plaintiff was drug-screened, and Mr. Griffin was not.

35. Additionally, the Chief personally issued the discipline to Plaintiff, even though SFD policies state that Deputy Chief should have been the highest decision maker for such minor incidents.

36. Plaintiff appealed the Written Directive for Corrective Action with Fire and Police Civil Service Board. A hearing was held on January 10, 2018 and this matter was dismissed.

37 Plaintiff has been continually subject to treatment that is different from her similarly situated comparator employees because of her sex, race and because of her opposition to this discrimination.

## IV. ADMINISTRATIVE PREREQUISITES

38 Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue on November 21, 2017. Plaintiff has complied with all administrative prerequisites for filing this suit.

## V. CAUSES OF ACTION

39. The actions, conduct and practices of Defendant complained of herein constitute purposeful harassment and discrimination against Plaintiff based upon her gender, race and/or retaliation for her complaints regarding said purposeful discrimination in violation of 42 U.S.C. §§2000e, *et seq.*

40. Defendant is strictly liable for the actions of its managers, and its other employees complained of herein, under the doctrine of respondeat superior because said actions were within the course and scope of their employment and because a tangible employment action has occurred as a result of Defendants' illegal conduct.

41. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally protected rights.

42. Plaintiff has no adequate remedy at law for the harm she has suffered as a result of the discriminatory practices of Defendant set forth herein.

## VI. JURY TRIAL DEMANDED

43. Plaintiff demands a trial by jury as to all matters permitted by law.

## VII. RELIEF

WHEREFORE, PLAINTIFF PRAYS:

(A) That the Court declare the employment practices of which complaint is made to be in violation of 42 U.S.C. §2000e *et. seq*., and otherwise inculpatory and illegal;

(B) That the Court order Defendant to cease the discriminatory/retaliatory practices enumerated herein and enjoin Defendant from engaging in further discrimination/retaliation against Plaintiff because of her gender, race or her opposition to said discrimination;

(C) That the Court order Defendant to reinstate Plaintiff or alternatively award back and front pay in amounts to be determined by the jury;

(D) That Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which she may have been entitled or which she may have lost as a result of the discrimination against her.

(E) That Plaintiff be awarded compensatory damages pursuant to 42 U.S.C. Section 1981a.

(F) That Plaintiff be awarded the costs of this action, including attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

(G) That Plaintiff be awarded punitive damages pursuant to 42 U.S.C. Section 1981a;

(H) For trial by jury for those matters triable to a jury; and

(I) That Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,
DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By: *_/s/ Allison A. Jones_*
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FELICIA SCROGGINS | : CIVIL ACTION NO. |
| | : |
| VERSUS | : JUDGE: |
| | : |
| CITY OF SHREVEPORT | : MAGISTRATE: |
| | : **JURY DEMAND** |

STATE OF LOUISIANA
PARISH OF CADDO

**VERIFICATION**

BEFORE ME, the undersigned counsel, personally came and appeared FELICIA SCROGGINS, who, after being first duly sworn, stated that she has read the foregoing Complaint and that all allegations contained therein are true and correct to the best of her knowledge, information and belief.

FELICIA SCROGGINS

THUS DONE AND SIGNED before me, Notary, this 16th day of February, 2018, in Shreveport, Caddo Parish, Louisiana.

NOTARY PUBLIC

ALLISON A. JONES, NOTARY PUBLIC
LA. BAR ROLL NO. 16990
CADDO PARISH, LOUISIANA
MY COMMISSION IS FOR LIFE