**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

**STATEMENT OF UNCONTESTED FACTS**

NOW INTO COURT, through undersigned counsel, comes Defendant, the CITY OF SHREVEPORT, which respectfully identifies the following undisputed material facts in support of its Motion for Summary Judgment:

1.

Plaintiff Felicia Scroggins ("Plaintiff" or "Ms. Scroggins") joined the Shreveport Fire Department ("SFD") in May 2001. See Complaint, paragraph 5.

2.

At the time of her termination, January 19, 2023, Plaintiff held the rank of fire engineer. See Complaint, paragraph 5.

3.

When a Fire Engineer is absent, the SFD must find a substitute and pay them overtime to cover the absentee's shift. See Ex 5, p 14-15, 28.

4.

From June 4, 2018, to November 14, 2022, Plaintiff, while maintaining full compensation as a Fire Engineer, missed 1,153 days out of 1,779 available days, or 284 shifts of 594 available shifts, totaling 64.6% of work. See Ex. 3, p 2; Ex 5, p 26, 28.

5.

The SFD requires, under Administrative Procedure NO. 7:4: 4.1, that "Fit for Duty" members "must be able to perform 14 essential jobs task according to NFPA 1582 and designated function of their civil service position in a safe, effective, efficient, and productive manner." See Ex 4, p 1.

6.

The reason for the Plaintiff's termination was her failure to fulfill the Bona Fide Occupational Qualification (BFOQ) listed in the job description of Fire Engineer, as defined by the Shreveport Municipal Fire and Police Civil Board. See Ex 3, p 3; Ex 6, p 1; Ex 5, p 11.

7.

On December 2, 2022, the Plaintiff received notice of formal investigation from the Shreveport Fire Department for LA R.S. 33:2500 A. (1) Unwillingness or failure to perform the duties of her position in a satisfactory manner. See Ex 3, p 2; Ex 6.

8.

Among the essential functions to be fit for duty a Fire Engineer must:

4.2.1.[h]ave regular and predictable attendance.
4.2.2. Meet production standards established by management for the position.
4.2.3. Meet efficiency standards established for doing a function.
4.2.4. Perform duties or task efficiently and safely
4.2.5. behave in a socially acceptable manner.

See Ex 4, p 2.

9.

Regular and predictable attendance of Fire Engineers is needed to protect staff from strain, for experienced citizen protection, and continuity of crew integrity. See Ex 4, p 1.

10.

The SFD sick leave policy requires that a Fire Engineer absent due to post-traumatic stress injury submit a Sick Leave Certificate for PTSD/PTSI following the guidelines for the State of Louisiana Revised Statute 33;2581.2 and shall be diagnosed by a Psychiatrist or Psychologist. See Ex 4, p 7.

11.

Upon return from a serious health condition or reasonable cause, a fire engineer must complete "Fit for Duty" evaluations to return or remain in their positions as ordered by the Fire Chief. See Ex 4, p 2, 8.

12.

The SFD policy states, "using [sick leave] in a predictable pattern is substantial evidence of abusive use." See Ex 4, p 10.

13.

The Plaintiff had the most absences in the SFD having missed 64.6%, totaling 1,153 of 1,779 available workdays missed. The Plaintiff was absent on:

- June 4, 2018, to June 6, 2018
- June 12, 2018, to July 23, 2018
- September 17, 2018, to September 19, 2018.
- January 15, 2019, to January 21, 2019.
- February 19, 2019, to March 10, 2019.
- March 28, 2019, to March 23, 2020 (361 days).
- July 25, 2020, to July 15th, 2021 (355 days).
- November 15th, 2021, until July 13th, 2022 (240 days).
- July 13, 2022, until November 2022 (124).

See Ex 3, p 2; Ex 5, p 11.

14.

The SFD investigated seven individuals who missed twenty percent of the available workdays in five years. See Ex 5, p 14, 17.

15.

On December 2, 2022, the Plaintiff received notice that she was being formally investigated for violating La. R.S. 33:2500(1) "(1) Unwillingness or failure to perform the duties of his position in a satisfactory manner." See Ex 6; Ex 7, p 1.

16.

The Plaintiff was notified of her pre-disciplinary Conference ("PDC"). The notice stated that the PDC was scheduled for January 19, 2023. The Notice detailed that the Plaintiff would be given an opportunity to present evidence and witnesses and, as mandated by the FF Bill of Right, would be allowed counsel or a representative at the PDC. See Ex 4.

17.

The Plaintiff's PDC occurred on January 19, 2023. See Ex 2 and 3.

18.

During the PDC, the Plaintiff mentioned several reasons for taking leave, including post-traumatic stress triggered in emergency and nonemergency situations. See Ex 3, p 3.

19.

Plaintiff was terminated following the PDC. See Ex 3, p 3.

20.

The reason for the Plaintiff's termination was excessive absence, which failed to comply with LA. R.S. 33:2500(1). See Ex 3, p 3.

21.

The Plaintiff did not provide adequate information at the PDC for the days of work missed and the essential functions of a Fire Engineer. See Ex 3, p 3.

22.

At the time of termination, the Plaintiff had a pending lawsuit against the SFD asserting Title VII claims of discrimination and retaliation. See 18-cv-00201, Western District of Louisiana, Exhibit 1. That suit was dismissed on Summary Judgment.

23.

On January 31, 2023, the Plaintiff appealed the decision to terminate her employment to the Shreveport Municipal Fire and Police Civil Service Board ("Board"). See Ex 7.

24.

Following a hearing, the Board found that the Fire Chief acted in good faith and had cause to discipline Plaintiff. (Ex. 5, pp. 171-173). See Ex. 5, p 171-173. Plaintiff appealed that decision, and the state district court upheld the decision. See Ex. 9.

25.

During the Board proceedings, the Plaintiff stated from her 2011 incident, she suffers "ongoing pain from that, and certain things will cause it to be worse on some days than others," and due to the pain, she has had to take absence from work on multiple occasions. See Ex 5, p 106-107.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.

By:_______/s/ Joseph S. Woodley__________
Joseph S. Woodley, Bar #19228
Marshall L. Perkins, Bar #36979

400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Telephone
(318) 226-0390 Facsimile
E-mail: jwoodley@padwbc.com
E-mail: mperkins@padwbc.com

ATTORNEYS FOR DEFENDANT,
THE CITY OF SHREVEPORT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Statement of Uncontested Facts was electronically filed with the Clerk of Court using the Court's CM/ECF System. Notice of this filing has been served on all counsel of record by operation of the Court's electronic filing CM/ECT System and by mail, properly addressed, with requisite postage affixed thereon, and placed in the United States mail to the last known address of the *pro se* Plaintiff:

Felicia Scroggins
9314 Sandalwood Drive
Shreveport, Louisiana 71118

Signed in Shreveport, Louisiana, on this 27th day of January 2025.

/s/ Joseph S. Woodley
OF COUNSEL