**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

# DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.

BY:______/s/ Joseph S. Woodley__________
Joseph S. Woodley, Bar No. 19228
Marshall L. Perkins, Bar #36979
400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390
E-mail: jwoodley@padwbc.com
E-mail: mperkins@padwbc.com

ATTORNEYS FOR DEFENDANT,
CITY OF SHREVEPORT

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. EXHIBITS OFFERED ........ 2

III. FACTUAL BACKGROUND ........ 2

IV. LAW AND ARGUMENT ........ 5

1. Plaintiff cannot establish a *Prima Facie* case of discrimination under the ADA ........ 5

   a. Plaintiff is not a qualified employee ........ 6

2. The SFD actions were legitimate and non-pretextual ........ 8

3. Retaliation Claim ........ 10

4. Procedural Due Process Claims (Nullity) ........ 12

V. CONCLUSION ........ 14

VI. CERTIFICATE OF SERVICE ........ 15

# TABLE OF AUTHORITIES

**Statutory Law:**


42 U.S.C. §12112(a) ....................5

La. Const. I, Art. 2 ....................12

Fed. R. Civ. P. 56(a) ....................5

La. R.S. 33:1995 ....................3, 12

La. Stat. Ann. § 33:1995 (West) ....................12

La. R.S. 33:2500 ....................2

La. R.S. 33:2500(1) ....................2, 3, 4, 13

La. R.S. 33:2501 ....................13

La. R.S. 33:2501(E)(1) ....................13

La. R.S. 33:2537(5) ....................12, 13


**OTHER:**


Title VII ....................1, 10, 11

Americans with Disabilities Act ("ADA") ....................1, 5, 6, 7, 8

Family Leave and Family Medical Leave Act ("FMLA") ....................2, 3


**Jurisprudential Authorities:**


*Bates v. City of Denham Springs*,
2022-0853 (La. App. 1 Cir. 04/18/23), 367 So. 3d 102) ....................12

*Brown v. Walmart Stores East, L.P.*,
969 F.3d 571, 577 (5th Cir. 2020) ....................6, 10, 11

*Delaval v. PTech Drilling Tubulars, L.L.C.*,
824 F.3d 476, 480 (5th Cir. 2016) ....................10

*Dupre v. Charter Behavioral Health Systems of Lafayette Inc.*,
242 F.3d 610, 613 (5th Cir. 2001) ....................5, 6

*EEOC v. LA office of Cmty. Servs.*,
47 F.3d 1438, 1448 (5th Cir. 1995) ....................................................................10

*E.E.O.C. v. LHC Group, Inc.*,
773 F.3d 688, 694 (5th Cir. 2014) ......................................................................5

*Gosby v. Apache Indus. Servs., Inc.*,
30 F.4th 523, 525-527 (5th Cir. 2022).............................................................6, 11

*Hypes ex rel. Hypes v. First Commerce Corps.*,
134 F.3d 721, 726-727 (5th Cir. 1998)........................................................6, 7, 8, 9

*Hypes on Behalf of Hypes*,
134 F.3d at 728-29 ..........................................................................................6

*Le Maire v. La. Dep't of Transp. & Dev.*,
480 F.3d 383 (5th Cir. 2007) ...........................................................................11

*Maurer v. Town of Indep.*,
No. 13-5450, 2015 U.S. Dist. LEXIS 25064, at *5 (E.D. La. Mar. 2, 2015) ...................12

*McCoy v. City of Shreveport*,
492 F.3d 551, 556-57 (5th Cir. 2007)...................................................................10

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973)......................................................................................6, 10

*Moreau v. St. Landry Par. Fire Dist. No. 3*,
413 F. Supp. 3d 550, 563 (W.D. La. 2019),
aff'd, 808 Fed. Appx. 225 (5th Cir. 2020).......................................................12, 13

*Sansone v. Jazz Casino Company, LLC*,
2:12-CV-14093, 2021 WL 3919249, at *2 (5th Cir. 2021) ........................................11

*Shahrashoob v. Texas A&M University*,
2025 WL 47503 (5th Cir. 2025) ....................................................................11, 12

*Turco v. Hoechst Celanese Corp.*,
101 F.3d 1090, 1093 (5th Cir. 1996) ....................................................................7

*Valdez v. City of McAllen*,
No. 7:21-cv-00367, 2023 U.S. Dist. LEXIS 21908,
at *5 (S.D. Tex. Feb. 9, 2023).....................................................................5, 7, 9

*Weber v. BNSF Railway Company*,
989 F. 3d 320-321, 324 (5th Cir. 2021).........................................................6, 7, 8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

## I. INTRODUCTION

This is a lawsuit by the Plaintiff Falicia Scroggins ("Plaintiff" or "Scroggins") against the CITY OF SHREVEPORT ("Defendant" or "the City"). Plaintiff was employed by the Shreveport Fire Department ("SFD") from May 2001 until January 19, 2023. The Plaintiff, at the time of her termination, had achieved the rank of Fire Engineer. Scroggins contends that her termination discriminated against her due to a disability by refusing to accommodate her. She further alleges that her termination constitutes purposeful harassment and discrimination in retaliation for prior protected Title VII activity.

As set forth below, summary judgment is warranted on Plaintiff's Americans with Disabilities Act ("ADA"), Title VII, and Nullity claims. Plaintiff cannot establish a prima facie case of discrimination on account of her disability, and she cannot provide evidence that the City's non-discriminatory reasons for her termination were pretextual. Secondly, the Plaintiff cannot support a prima facie retaliation claim under Title VII, because she cannot show a causal link between the protected activity and purported retaliatory conduct. Lastly, the Plaintiff has been afforded the required procedure.

## II. EXHIBITS OFFERED

In support of their Motion for Summary Judgment, Defendants attach:

1. The Plaintiff's Complaint in Civil Action No.: 5:18-cv-00201 is attached as "Ex. 1."
2. The Notice of the Plaintiff's Pre-Disciplinary Conference is attached as "Ex. 2."
3. The Inter-Office Memorandum regarding the Pre-Disciplinary Conference is attached as "Ex. 3."
4. The SFD's Administrative Procedure entitled "Sick Leave and Family Medical Leave Act (FMLA)" is attached as "Ex. 4."
5. The Transcript from the Shreveport Municipal Fire and Police Civil Service Board Appeal as "Ex. 5."
6. The Notice of Investigation as "Ex. 6."
7. The Plaintiff's Appeal of Disciplinary Action and Request for Investigation as "Ex. 7."
8. Dr. Robert Clanton's, Ph.D., evaluation of the Plaintiff's Fitness for Duty is attached as "Ex. 8."
9. Answer to Appeal and Judgment; Docket No. 649,950; First Judicial District Court; Caddo Parish, Louisiana, as "Ex. 9."

## III. FACTUAL BACKGROUND

On January 19, 2023, Felicia Scroggins' employment as a Fire Engineer for the Defendant, Shreveport Fire Department ("SFD"), was terminated. Plaintiff was employed at the SFD from May 15, 2001, until her termination. The reason for the Plaintiff's termination was a violation of La. R.S. 33:2500(1) "Unwillingness or failure to perform the duties of his position in a satisfactory manner." La. Rev. Stat. Ann. § 33:2500; Ex. 2, pp. 1.

In accordance with the SFD Administrative Procedure for "Sick Leave and Family Medical Leave Act" ("FMLA"), SFD requires all members to be able to perform 14 essential job tasks to be considered fit for duty. Ex. 3, pp. 1-2. Within the essential functions of members' positions, the member must "have regular and predictable attendance." Ex. 4, pp. 2. An employee, before returning from sick leave for a post-traumatic stress injury ("PTSD" or "PTSI"), must submit a leave Certificate and be diagnosed by a psychiatrist or psychologist. Ex. 4, pp. 7. Furthermore, members' patterns of absenteeism may indicate abuse of leave. Ex. 4, pp. 10.

In response to excessive absenteeism in the department, seven individuals were investigated, who within five years missed at least twenty percent of the available days of work. Ex. 5, pp. 16, ln 9-19; pp. 12-13, ln 17-21. When a member is absent or hours are shortened the SFD must pay overtime to "fill the void created by her absences," which affects the department's budget. Ex. 4 p. 27, ln 8-22; Ex. 3, pp. 2.

On December 2, 2022, the Plaintiff was given notice that a formal investigation/interrogation was being conducted. Ex. 6, pp. 1. The Notice informed the Plaintiff that she was being investigated for a violation of La. R.S. 33:2500(1). Ex. 6, pp. 1. The investigation revealed the Plaintiff had the most absences in the department, with 64.6% of work missed, totaling 1,153 of 1,779 available days missed. Ex. 3, pp. 2. On two occasions, the Plaintiff returned to work just prior to the fifty-two week limit on sick leave allowed by statute La. R.S. 33:1995. Ex. 3, pp. 2. The dates the Plaintiff was absent from work included:

- June 4, 2018, to June 6, 2018
- June 4, 2018, to June 6, 2018
- June 12, 2018, to July 23, 2018
- September 17, 2018, to September 19, 2018.
- January 15, 2019, to January 21, 2019.
- February 19, 2019, to March 10, 2019.
- March 28, 2019, to March 23, 2020 (361 days).

- July 25, 2020, to July 15th, 2021 (355 days).
- November 15th, 2021, until July 13th, 2022 (240 days).
- July 13, 2022, until November 2022 (124). Ex. 3, pp. 2.

On December 19, 2022, the Plaintiff returning from a leave of absence worked light duty. On light duty the Plaintiff worked 4 hours a day 5 days a week until January. The SFD's "Limited Duty" policy mandates limited duty shall not exceed 90 days unless approved by the Fire Chief every thirty days thereafter. Ex. 2, p. 3. Furthermore, the SFD's FLMA policy requires members to be considered "Fit for Duty" to be able to perform 14 essential tasks. Ex. 4, pp. 2.

On January 5, 2023, the Plaintiff was sent notice that her Pre-Disciplinary Conference ("PDC") would be held on January 19, 2023. Ex. 3, pp. 1. The Notice provided that the Plaintiff would be given the opportunity to present evidence and witnesses. Ex. 3, pp. 3. Additionally, the notice states that the Plaintiff in accordance with the FF Bill of Rights would be allowed to have counsel or a representative at the scheduled PDC. Ex. 3, pp. 3.

At the PDC the Plaintiff mentioned several reasons for taking leave and reasons that would not allow her to perform her duties. Ex. 3, pp. 3. Included in the Plaintiff's reasons were concerns about being triggered while in emergency and non-emergency situations. Ex. 3, pp. 3. The Plaintiff and her physician have raised concerns about triggering events. Ex. 3, pp. 3; Ex. 8. Furthermore, the Plaintiff alleges that she suffers from "ongoing pain" from a shoulder, back and hip injury that are worsened by "certain things" due to an incident where the Plaintiff fell through a window. This pain has led the Plaintiff to take an absence on multiple occasions. Ex. 1.

Following the PDC, the Plaintiff received a notice of personnel action that her employment had been terminated due to excessive absence, which failed to comply with La. R.S. 33:2500(1). At this time, the Plaintiff had a discrimination and retaliation lawsuit pending against the SFD. Ex. 1. The document stated that during the PDC the Plaintiff failed to provide adequate information

to substitute the work missed and the essential functions of a Fire Engineer. The Plaintiff appealed the decision to terminate her employment on January 31, 2023. Ex. 7.

Plaintiff's appeal received a full hearing before the Board on April 10, 2024. The Board unanimously found that the Fire Chief acted appropriately in disciplining Plaintiff. Ex. 5, pp. 171, L 23-173, L 5. The Board also reduced the discipline from termination to a forty-five-day suspension. Ms. Scroggins appealed the Board's ruling to the First Judicial District Court and, following a hearing, the discipline was upheld.

## IV. LAW AND ARGUMENT

Summary judgment is appropriate when the movant shows "there is no genuine issue as to any material fact" and if a party demonstrates it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute of material fact when "the evidence is such that a reasonable jury court return a verdict for the nonmoving party." *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014). If the resolution of a fact affects the action's result it is material. *Valdez v. City of McAllen*, No. 7:21-cv-00367, 2023 U.S. Dist. LEXIS 21908, at *5 (S.D. Tex. Feb. 9, 2023). "The record is considered in the light most favorable to the nonmoving party." *Dupre v. Charter Behavioral Health Systems of Lafayette Inc.*, 242 F.3d 610, 613 (5th Cir. 2001). If the record does not contain evidence sufficient to sustain a finding in favor of the non-movant summary judgment is appropriate. *Id.* In this case, the facts necessary for granting the Defendant's Motion for Summary Judgment are undisputed.

### 1. Plaintiff cannot establish a *Prima Facie* case of discrimination under the ADA.

The evidence before the Court shows that SFD terminated the Plaintiff due to her excessive absences. The Americans with Disabilities Act (ADA) prohibits employers' discrimination against a "qualified individual on the basis of disability." 42 U.S.C. §12112(a). "An employee may use

direct or circumstantial evidence, or both to establish a case of discrimination." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 525 (5th Cir. 2022). To survive summary judgment a plaintiff presenting only circumstantial evidence of discrimination must establish a *prima facie* case. *See Hypes on Behalf of Hypes*, 134 F.3d at 728-29. When the Plaintiff is only able to produce circumstantial evidence, courts apply the burden shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), under which plaintiff must first demonstrate a *prima facie* case of discrimination. *Id.* at 525-26. *Brown v. Walmart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020).

To satisfy her burden of demonstrating a *prima facie* case of discrimination the Plaintiff must show (1) that she was disabled, (2) was qualified for the job, and (3) was subject to an adverse employment action because of her disability. *Dupre*, 242 F.3d at 613. If the plaintiff can establish a *prima facie* case, "the employer has the burden of articulating a legitimate, nondiscriminatory reason for the [termination]." *Gosby*, 30 F.4th at 526. Upon establishing a legitimate reason for the termination, the burden shifts back to the plaintiff to "produce evidence from which a jury could conclude that the employer's articulated reason is pretextual. *Id.*

**a. Plaintiff is not a qualified employee.**

The Plaintiff is not a qualified employee and thus cannot state a claim under the ADA. To be considered qualified and thus able to state a claim under the ADA the Plaintiff must be able to perform the essential functions of the job with or without reasonable accommodation. *Hypes ex rel. Hypes v. First Commerce Corps.*, 134 F.3d 721, 726 (5th Cir. 1998). Essential job functions are defined as "the fundamental job duties of the employment position of the individual with a disability holds or desires." *Weber v. BNSF Railway Company*, 989 F. 3d 320, 324 (5th Cir. 2021). To avoid summary judgment on the issue of the qualified individual, Scroggins must show (1) that

she "could perform the essential functions of [her] job in spite of [her] disability or (2) that a reasonable accommodation of [her] disability would have enabled… [her] to perform the essential functions of the job. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996). Excessive absences even when related to a disability are not protected activity under the ADA because they render the plaintiff unqualified for employment. *See Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11. *See* also, *Hypes*, *supra* at 727.

Regular attendance is an essential function of most jobs. "The efficient functioning of a team necessitate[s] the presence of all members. In *Weber*, a train dispatcher was terminated for violating the company's attendance guidelines. *Weber*, 989 F.3d at 321. The dispatcher then filed a suit, alleging the company failed to provide reasonable accommodation for his disability. *Id.* The dispatcher diagnosed with epilepsy took medical leave from late April to late July during which he requested to be reassigned to a new position which was denied for lack of an available position. *Id.* at 322. During 2015, the dispatcher violated the company attendance policy several times for which he was given notice of an assessment period. *Id.* By the beginning of January, the dispatcher had five unexcused absences related to his disability, with the stated reasons being sleep deprivation, neurologist appointments, and colonoscopy procedures. *Id.* The Fifth Circuit found that Weber could not perform the essential function of regular attendance even with an accommodation.

Like the company in *Weber*, the SFD has a policy that mandates Fire Engineers, such as the Plaintiff, must be able to perform the 14 essential job tasks, including having regular and predictable attendance. Ex. 4, pp. 2. During the five-year period investigated, Scroggins has been absent for 64.6% of the available workdays. Ex. 3, pp. 2. The Plaintiff worked full hours no longer than four months consecutively in the five-year period. In *Weber*, the dispatcher argued that he

proposed reasonable accommodations, the leave to attend mandatory follow-up appointments and excused absences for when he became sleep deprived. *Id.* at 326. The court, however, found the dispatcher was not qualified as he could not show that the accommodation of medical leave when sleep deprived was not reasonable to enable him to perform the essential function of the job as neither party could determine when the dispatcher would become sleep deprived. *Id.*

Like the accommodation given in *Weber*, any proposed accommodation under the Plaintiff's circumstances would fail to reasonably enable her to perform the essential function of regular and predictable attendance. Scroggins, once able to perform her regular duties, has been encouraged by her physician to continue working with her counselor to cope with the stressors and triggers that she will face on the job. Ex. 8. Additionally, due to an incident where the Plaintiff fell through a window, the Plaintiff suffers from "ongoing pain…and certain things will cause it to be worse on some days than others." Ex. 5, pp. 105-106. The "ongoing" shoulder, hip, and lower back pain has caused the Plaintiff's absences on multiple occasions. *See*, *Id.* Like the dispatcher in *Weber*, any proposed accommodation to allow the Plaintiff excused absences on days that trigger episodes of pain would not be reasonable as neither Plaintiff nor SFD can determine in advance how often these events will occur and the need for medical leave. Thus, because Scroggins will fail to show that she could perform the essential functions of a Fire Engineer with or without reasonable accommodation, she is not qualified under the ADA.

**2. The SFD actions were legitimate and non-pretextual.**

Even if the Plaintiff could establish a *prima facie* case, she cannot demonstrate that the SFD's legitimate reason for her termination was pretextual. "The efficient functioning of a team necessitate[s] the presence of all members. *Hypes ex rel. Hypes*, 134 F.3d at 726. "Pretext is established through evidence of disparate treatment or by showing that the employer's proffered

explanation is false or unworthy of credence." *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *8.

When attendance becomes unreliable, an employee's excessive absence related to disability is a legitimate, non-discriminatory, and non-pretextual reason for termination. *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11; *Hypes ex rel. Hypes*, 134 F.3d 721, 726-27 (5th Cir. 1998). In *Valdez*, the court found that the Defendant was sufficiently flexible and accommodating to the employee's disability by tweaking the employee's hours. *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *11-12. However, the employee's attendance was unreliable due to her disability, which led to her termination. *Id.*

The SFD's decision to terminate the Plaintiff was based on the department's need for regular and predictable attendance of its Fire Engineers. Ex. 5, pp. 21-22, ln 22-10. The SFD needs regular and predictable attendance to carry out the department's fiduciary duties sufficiently. Ex. 5, pp. 21-22, ln 22-10. Here, Plaintiff has established a pattern of absenteeism, with returns to full duties lasting no longer than four months over five years, with absences totaling 1,153 days out of 1,779 available days. Ex. 3, pp. 2; Ex. 5, pp. 68, ln 5-23.

In addition to the complete absences accounted for in the Plaintiff's total absences are days assigned to light duty. After being issued the notice of pre-disciplinary conference from August 29, 2022, to January, Plaintiff returned to work on light duty, requiring shortened hours (4-hour days) like the employee in *Valdez*. Ex. 2, pp. 2; Ex. 5, pp. 23-24, ln 13-14. The Plaintiff's use of light duty violated the SFD's "Limited Duty" policy. The SFD's "Limited Duty" policy mandates limited duty shall not exceed 90 days unless approved by the Fire Chief every thirty days thereafter. Ex. 3, pp. 3. The Plaintiff's time on light duty, from August 29, 2022, to January, far exceeded SFD's 90-day limitation policy. When absent or on light duty the department must pay overtime to "fill the void created by her absences[,]" which affects the department's budget. Ex. 5, pp. 27,

ln 8-22.

Chris Hendry and Devon Kennedy are Fire Engineers at SFD, and they met the number of absences to be investigated. Ex. 5. pp. 137, ln 2 -3; Ex. 5, pp. 139-140, ln 23-19. Devon Kennedy was placed under investigation for taking more than 300 days of sick leave. Ex. 5, p 140-142, ln 23-3. However, the Plaintiff has not and cannot present evidence of an employee with a higher number of absences who was not terminated. Had any of the other Fire Engineers had the worst attendance record and number of days violating the SFD's limited duty policy comparable to Ms. Scroggins, they, too, would have been investigated and terminated.

The Plaintiff cannot offer any evidence that could suggest the SFD's reasons for termination were false or a pretext for discriminating against her. To survive summary judgment, the Plaintiff must "present substantial evidence that the employer's legitimate, nondiscriminatory reason for termination is pretextual." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016). A "subjective belief of discrimination cannot be the basis of judicial relief." *Id.* (quoting *EEOC v. LA office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995)). The Plaintiff has not presented non-subjective evidence and cannot do so.

**3. Retaliation Claim.**

Plaintiff cannot establish that there was a causal connection between the actions of SFD and the protected activity. When retaliation is alleged based on circumstantial evidence, the *McDonnell Douglas* framework applies. *Brown, supra*, at 577. Under this framework, the Plaintiff must first "establish: (1) she participated in an activity protected by Title VII, (2) her employer took adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). "Title VII retaliation claims must be proved according to traditional

principles of but-for causation." *Brown*, 969 F.3d at 577. At the *prima facie* stage, it is enough for the plaintiff to establish "temporal proximity between protected activity and adverse employment action." *Gosby, supra*, at 527. Plaintiff cannot establish temporal proximity between a lawsuit filed in 2018 and the investigation at issue in this case and thus she has failed to satisfy that a causal connection exists between her earlier lawsuit and her termination.

However, temporal proximity "alone cannot defeat summary judgment and does not relieve the plaintiff of rebutting an employer's lawful reason for termination. *Sansone v. Jazz Casino Company, LLC*, 2:12-CV-14093, 2021 WL 3919249, at *2 (5th Cir. 2021). The Plaintiff alleged retaliation, which she identifies as follows: "Defendant targeted the Plaintiff for termination and disregarded its own sick leave provisions to retaliate against the Plaintiff because of her prior protected Title VII activity." Complaint, pp. 6. The SFD's actions, however, were taken by the SFD in response to incidents of excessive sick leave abuse and had nothing to do with the Plaintiff's then pending action. The Plaintiff, while the only one to face termination as the employee with the worst record, was not the only one to undergo investigation. Ex. 5, pp. 166-67, ln 25-6. Furthermore, these investigations would have taken place regardless of the Plaintiff's protected activity under Title VII. Thus, the Plaintiff cannot establish a causal connection between her termination and her protected activity.

Even if Plaintiff could establish a *prima facia* case, applying the *McDonnel Douglas* burden shifting framework applies to Title VII retaliation claims. *Shahrashoob v. Texas A&M University*, 2025 WL 47503 (5th Cir. 2025).

As shown above, SFD has set forth a legitimate non-pretextual reason for her termination. Plaintiff must show that her termination would not have occurred but for a retaliatory motive. *Le Maire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383 (5th Cir. 2007). "Plaintiff must show a conflict

in substantial evidence as to but for causation to avoid summary judgment." *Shahrashoob, supra,* at 7, citations omitted.

In this case, Plaintiff cannot establish that SFD's reason for terminating her was pretextual and summary judgment is appropriate.

**4. Procedural Due Process Claims (Nullity).**

The Plaintiff was afforded her procedural due process protections required by La. Const. I, Art. 2. states, "[n]o person shall be deprived of life, liberty, or property, except by due process of law." La. Const. I, Art. 2. La. Const. I, §2. In a procedural due process claim a court must determine (1) whether the plaintiff has a property interest that requires procedural protections and (2) how much process is due. *Maurer v. Town of Indep.*, No. 13-5450, 2015 U.S. Dist. LEXIS 25064, at *5 (E.D. La. Mar. 2, 2015).

La. R.S. 33:1995 provides that "[e]very fireman in the employ of a municipality, parish or fire protection district to which this Sub-part applies, shall be entitled to full pay during sickness or incapacity not brought about by his own negligence or culpable indiscretion for a period of not less than fifty-two weeks." La. Stat. Ann. § 33:1995 (West). To succeed in a procedural due process claim, the plaintiff must show a property interest. *Moreau v. St. Landry Par. Fire Dist. No. 3*, 413 F. Supp. 3d 550, 563 (W.D. La. 2019), aff'd, 808 Fed. Appx. 225 (5th Cir. 2020). Property interest is "created and defined by rights under state law that support a claim of entitlement to those benefits." *Id.* The Plaintiff has a property interest in her continued employment and sick leave. *See Id.*; *Bates v. City of Denham Springs*, 2022-0853 (La. App. 1 Cir. 04/18/23), 367 So. 3d 102.

La. R.S. 33:2537(5) mandates that the board shall "conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of

demotion, reduction in position or abolition thereof, suspension, or dismissal of the officer or employee." La. R.S. § 33:2537(5). An employee

> who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

La. R.S. § 33:2501. An employee has the right to appeal "any decision of the board…that is prejudicial to the employee." La. R.S. § 33:2501(E)(1). The jurisdiction of the appeal is in "the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled." *Id.*

The Plaintiff was afforded the procedural safeguards required by statute. The Plaintiff was sent notice of an investigation on December 2, 2022, with the nature being LA R.S. 33:2500 (1) Unwillingness or failure to perform the duties of his position in a satisfactory manner. She then was provided with notice of her PDC, the nature of the investigation, and the date of the conference. Ex. 2, pp. 3. Regarding the PDC procedure she was informed that she could bring evidence and witnesses and had the right to counsel and/or representation. Ex. 2, pp. 3. After the results of the PDC the Plaintiff had the right to appeal. Plaintiff did appeal the Fire Chief's decision to the Civil Service Board. The Board upheld the decision to discipline the Plaintiff. Plaintiff appealed that decision which was upheld by the state district court. Plaintiff did not seek further review. Ex. 7. In *Moreau*, the W.D. La. found these procedural safeguards to be sufficient and entered summary judgment for the Defendants. *See Moreau*, 413 F. Supp. 3d at 567-68. Thus, the Plaintiff was given all the procedural due process to which she was entitled, and summary judgment is appropriate.

Moreover, as shown by the transcript of Plaintiff's Civil Service Board hearing, she was reinstated by the Board with backpay. This Cause of Action is moot. Plaintiff appealed the discipline awarded by the Board and the Board's ruling was upheld. That ruling is *res judicata* to any potential remaining claim.

## V. CONCLUSION

For the foregoing reasons, Defendant Respectfully submits that summary judgment should be granted, and that all the Plaintiff's claims should be dismissed, with prejudice and at the Plaintiff's cost.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY & CROMWELL, L.L.P.

BY: /s/ Joseph S. Woodley
Joseph S. Woodley, Bar No. 19228
Marshall L. Perkins, Bar #36979

400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Telephone
(318) 226-0390 Facsimile
E-mail: jwoodley@padwbc.com
E-mail: mperkins@padwbc.com

ATTORNEYS FOR DEFENDANT,
CITY OF SHREVEPORT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

## VI. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Memorandum in Support of Motion for Summary Judgment was electronically filed with the Clerk of Court using the Court's CM/ECF System. Notice of this filing has been served on all counsel of record by operation of the Court's electronic filing CM/ECT System and by mail, properly addressed, with requisite postage affixed thereon, and placed in the United States mail to the last known address of the *pro se* Plaintiff:

Felicia Scroggins
9314 Sandalwood Drive
Shreveport, Louisiana 71118

Signed in Shreveport, Louisiana, on this 27th day of January 2025.

/s/ Joseph S. Woodley
OF COUNSEL