UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FELICIA SCROGGINS                              CIVIL ACTION NO. 23-1549

VERSUS                                         JUDGE S. MAURICE HICKS, JR

CITY OF SHREVEPORT                             MAGISTRATE JUDGE MCCLUSKY

**MEMORANDUM ORDER**

Before the Court is a "Motion for Recusal and Request for Assignment of New Judge" (Record Document 25) filed by *pro se* Plaintiff Felicia Scroggins ("Scroggins"). Scroggins seeks the recusal of the undersigned, Judge S. Maurice Hicks, Jr., and Magistrate Judge Kayla D. McClusky. The motion is filed pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 and is based on Scroggins's "reasonable belief that there is a conspiracy involving the aforementioned judges, which undermines the fairness and impartiality of the proceedings in this case and previous cases." Id. at 1. Scroggins references the previous dismissal of a case despite the presentation of concrete evidence supporting her claims, the history of judicial actions in this case and others, and "the pattern of rulings and the involvement of both Judge Hicks and Magistrate Judge McClusky, especially in dismissing cases despite the presence of evidence." Id. at 1-2.

Section 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Supreme Court has held that the "extrajudicial source" doctrine applies to Section 455(a). See Liteky v. U.S., 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994). The determination under Section 455(a) is objective, "so that what matters is not the reality of bias or prejudice but its appearance." Liljeberg v. Health Servs. Acquisition

Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). This objective standard is established with reference to "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." Andrade v. Chojnacki, 338 F.3d 448, 454-455 (5th Cir. 2003). In U.S. v. Jordan, 49 F.3d 152 (5th Cir. 1995), the Fifth Circuit explained:

> The right to a fair and impartial trial is fundamental to the litigant; fundamental to the judiciary is the public's confidence in the impartiality of our judges and the proceedings over which they preside. Justice must satisfy the appearance of justice. This is the very purpose of 28 U.S.C. § 455(a).

Id. at 155-56.

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. "The alleged bias and prejudice to be disqualifying under § 144 must stem from an extrajudicial source." Liteky, 510 U.S. at 544, 114 S.Ct. at 1152. Although section 144 refers to assignment to another judge, the presiding judge may transfer the matter to another judge for decision or decide it himself." Klayman v. Obama, No. 3:16-CV-2010-L, 2016 WL 5942227, at *7 (N.D. Tex. Oct. 12, 2016), citing Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996). Further, there is no "negative inference that can be drawn from the fact that the judge to whom a motion to recuse is directed rules on

the motion." Klayman, 2016 WL 5942227, at *7, citing In re Corrugated Container Antitrust Litig., 614 F.2d 958, 963 n. 9 (5th Cir. 1980). Under section 144, the judge must reassign the case to another judge only if the moving party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Klayman, 2016 WL 5942227, at *7, citing U.S. v. Scroggins, 485 F.3d 824, 829 n.19 (5th Cir. 2007) (internal quotations omitted). The language of section 144 appears to require immediate reassignment; however, "courts have held that the judge has not only the right but the duty to examine the affidavit and certificate to determine whether they are timely and legally sufficient. The affidavit and certificate are strictly construed against the party seeking disqualification. Only if the documents meet this strict scrutiny does recusal become mandatory." Klayman, 2016 WL 5942227, at *7, citing 3 Charles A. Wright, et al., Fed. Prac. & Proc. § 3551 (3d ed.) (footnotes omitted). Thus, before reassignment/recusal, "it is the presiding judge's responsibility to assess the timeliness and legal sufficiency of the [section 144] affidavit." Klayman, 2016 WL 5942227, at *7. In making the aforementioned assessment, the Court must consider the legal sufficiency of the affidavit, not the truth of the matter alleged." Klayman, 2016 WL 5942227, at *7, citing Henderson v. Dep't of Pub. Safety and Corr., 901 F.2d 1288, 1296 (5th Cir. 1990) (citation and internal quotation marks omitted). The affidavit is legally sufficient if the following conditions are met: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable [person] that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." Id.

Considering the applicable legal standards for both Section 455(a) and Section 144, the Court holds that Scroggins's motion is insufficient to support recusal or reassignment. Scroggins has not submitted an affidavit as required under Section 144.[1] Additionally, under Section 455(a), the alleged bias and prejudice must stem from an extrajudicial source. See Liteky, 510 U.S. at 544, 114 S.Ct. at 1152. In support of her motion, Scroggins argues that Judge Hicks and Magistrate Judge McClusky are biased or prejudiced based upon judicial rulings or actions that are purely judicial in nature. See Parrish v. Bd. of Comm'rs of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975) (requiring a legally sufficient affidavit to state facts that "if true they would convince a reasonable man that a bias exists" and "the facts must show the bias is personal, as opposed to judicial, in nature"); see also U.S. v. Grinnell Corp., 384 U.S. 563, 86 S.Ct. 1698, 1710 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). All of the cited bases for recusal are insufficient to support recusal because they are not extrajudicial in origin. Adverse judicial rulings are insufficient to establish that the Court harbors personal bias. See Berger v. U.S., 255 U.S. 22, 41 S.Ct. 230 (1921); Davis v. Bd. Of Sch. Comm'rs of Mobile County, 517 F.2d 1044 (1975). Scroggins has not shown that any of the cited actions by the Court were grounded in some basis other than what the undersigned or Magistrate Judge McClusky learned from participation in a case. Therefore, Scroggins's

---

[1] The facts in a Section 144 affidavit must show personal, as opposed to judicial, bias. As set forth *infra*, all of Scroggins's grounds for recusal are based upon judicial rulings or actions that are purely judicial in nature.

"Motion for Recusal and Request for Assignment of New Judge" (Record Document 25) be and is hereby **DENIED**.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this __7th__ day of February, 2025.

                                                                      _____
                                                                         United States District Judge