OTC

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

FEB 0 7 2025

DANIEL J. McCOY, CLERK
BY: mdh

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FELICIA SCROGGINS,
Plaintiff,
v.
CITY OF SHREVEPORT,
Defendant.

CIVIL ACTION NO. 5:23-CV-01549
JUDGE S. MAURICE HICKS, JR.
MAGISTRATE JUDGE KAYLA MCCLUSKY

---

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

NOW INTO COURT, comes Plaintiff, Felicia Scroggins, Pro Se, who respectfully submits this Memorandum in Opposition to Defendant City of Shreveport's Motion for Summary Judgment (Doc. No. 23) and moves this Honorable Court to deny Defendant's Motion and instead grant Summary Judgment in favor of Plaintiff, or in the alternative, proceed to trial by jury. Plaintiff contends that genuine issues of material fact remain in dispute, and the evidence clearly establishes violations of the Americans with Disabilities Act (ADA), retaliation, wrongful termination, and due process violations under both federal and Louisiana law.

---

I. INTRODUCTION

Plaintiff was diagnosed with a qualifying medical condition under the Americans with Disabilities Act (ADA) by both a licensed therapist and the Shreveport Fire Department psychologist. Despite her diagnosis and medical clearance for light duty, Plaintiff was wrongfully terminated by the City of Shreveport Fire Department in direct violation of the ADA and Louisiana law.

At the time of her termination:

Plaintiff had been medically approved for light duty and was actively working.

Plaintiff was expected to return to full duty in February after reevaluation by her therapist.

Plaintiff had repeatedly requested reasonable accommodations, including working as a recruiter in the training academy, but was denied.

The City of Shreveport improperly limited light duty to 90 days, which violates ADA regulations and state disability policies.

Each time Plaintiff was cleared to return to work, she faced harassment and retaliation, resulting in further medical issues and stress-related absences.

Plaintiff followed all Fire Department policies and procedures regarding medical leave, which allows up to 364 days of sick leave with proper medical documentation.

Plaintiff was granted light duty following the death of her father, yet was still terminated despite compliance with all medical and departmental policies.

Defendant's actions violate established EEOC precedent, including EEOC v. Willis-Knighton Medical Center, which ruled that an employer's failure to consider accommodations before termination is unlawful.

The City of Shreveport failed to engage in the interactive process required by the ADA and EEOC guidelines and instead wrongfully terminated Plaintiff rather than providing reasonable accommodations.

---

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in Plaintiff's favor.

---

## III. STATEMENT OF DISPUTED MATERIAL FACTS

1. Plaintiff was diagnosed with a qualifying medical condition under the ADA by both a licensed therapist and the Fire Department psychologist.

2. Plaintiff was placed on light duty and actively working at the time of termination, despite being scheduled to return to full duty in February.

3. Plaintiff formally requested reasonable accommodations multiple times, including working as a recruiter in the training academy, but was denied.

4. Defendant falsely claimed that light duty was only available for workers' compensation injuries, despite later expanding light duty to include non-work-related medical conditions.

5. Defendant failed to engage in the mandatory interactive process under the ADA before terminating Plaintiff.

6. Defendant's stated reasons for termination were inconsistent and pretextual, suggesting discrimination and retaliation.

7. Plaintiff followed all Fire Department policies and procedures for medical leave, which allows up to 364 days of sick leave with proper documentation.

8. Plaintiff's termination violated Louisiana R.S. 33:2500(A)(1), which only allows termination for an employee's unwillingness or failure to perform job duties satisfactorily—neither of which applied to Plaintiff.

9. Defendant's claim that Plaintiff's termination was justified under Bona Fide Occupational Qualification (BFOQ) is invalid, as BFOQ does not apply to mental health leave covered under the ADA.

---

IV. LEGAL ARGUMENT

A. Violation of the Americans with Disabilities Act (ADA)

The ADA prohibits discrimination against a qualified individual with a disability who can perform the essential functions of their job with or without reasonable accommodation. 42 U.S.C. § 12112(a).

1. Plaintiff Was a Qualified Individual Under the ADA.

Plaintiff was diagnosed by both a licensed therapist and a Fire Department psychologist.

Plaintiff was capable of performing her job duties and was actively working in a light-duty capacity.

Plaintiff was scheduled to return to full duty in February.

2. Defendant Failed to Engage in the Interactive Process.

The ADA requires employers to engage in an interactive process to explore reasonable accommodations before termination (42 U.S.C. § 12112(b)(5)(A)).

In EEOC v. LHC Group, Inc., 773 F.3d 688 (5th Cir. 2014), the Fifth Circuit reaffirmed that employers must make good-faith efforts to accommodate disabled employees.

Instead of accommodating Plaintiff, Defendant terminated her outright, violating the ADA.

3. Defendant's Actions Mirror Those Found Unlawful in EEOC v. Willis-Knighton Medical Center.

In EEOC v. Willis-Knighton Medical Center, the EEOC sued a Louisiana hospital for terminating employees who exceeded a medical leave or light-duty cap, rather than considering accommodations.

The case resulted in a $450,000 settlement, with Willis-Knighton required to revise its accommodation policies to comply with the ADA.

Similarly, the City of Shreveport terminated Plaintiff despite her qualification for continued light duty and imminent return to full duty, mirroring the unlawful conduct in Willis-Knighton.

B. Louisiana R.S. 33:2500(A)(1) Does Not Justify Plaintiff's Termination

Louisiana R.S. 33:2500(A)(1) states that an employee can only be terminated for unwillingness or failure to perform their duties satisfactorily.

Plaintiff was actively working in a light-duty capacity with documented medical approval, meaning Defendant's decision to terminate her was unlawful and pretextual.

C. Defendant's Use of Bona Fide Occupational Qualification (BFOQ) is Misapplied

BFOQ is not applicable to ADA-covered disabilities, including mental health conditions.

Courts have ruled that employers cannot rely on BFOQ as a blanket justification for terminating disabled employees without first engaging in the interactive process (Bultemeyer v. Fort Wayne Cmty. Schs., 100 F.3d 1281 (7th Cir. 1996)).

---

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the following relief:

1. That Defendant's Motion for Summary Judgment be denied in its entirety.

2. That summary judgment be granted in favor of Plaintiff based on the evidence presented.

3. In the alternative, that this matter be set for a jury trial to determine the disputed issues of fact.

4. That Defendant's request be dismissed with prejudice.

5. That all costs, fees, and restitution associated with this case be taxed to Defendant.

Respectfully submitted,

Felicia Scroggins, Pro Se
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition to Defendant's Motion for Summary Judgment was filed with the Clerk of Court. A courtesy copy was sent in both paper and electronic format as requested to the following recipients:

Via Mail:
Tom Stagg United States Court House
Judge S. Maurice Hicks, Jr.
300 Fannin St., Suite 5101
Shreveport, LA 71101

Joseph Woodley
P.O. Box 1786
Shreveport, LA 71166-1786

Via Email:
motions_hicks@lawd.uscourts.gov
jwoodley@padwbc.com

This the 7th day of February, 2025.

Felicia Scroggins, Pro Se
Plaintiff