UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **FELICIA SCROGGINS** | § | **CIVIL ACTION NO.: 5:23-cv-01549** |
| | § | |
| **VERSUS** | § | **JUDGE TERRY A. DOUGHTY** |
| | § | |
| **CITY OF SHREVEPORT** | § | **MAGISTRATE JUDGE HORNSBY** |

# DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## 1. Plaintiff cannot show the *Prima Facie* case of discrimination under the ADA.

The Plaintiff cannot succeed in establishing a prima facie case of discrimination under the Americans Disabilities Act (ADA). The ADA prohibits employers' discrimination against a "qualified individual on the basis of disability." 42 U.S.C. §12112(a). ADA covered employers must provide:

> "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity."

42 U.S.C.A. § 12112 (West). To succeed in a claim of failure to accommodate, the Plaintiff must show that she (1) was disabled, (2) was qualified for the job, and (3) was subject to an adverse employment action because of her disability. *Dupre*, 242 F.3d at 613.

### a. Plaintiff is not a qualified employee.

The Plaintiff cannot perform the essential functions of a Fire Engineer and is thus not a qualified individual for ADA purposes. Qualification of the Plaintiff must be assessed at the time of termination. *Starts v. Mars Chocolate N. Am., L.L.C.*, 633 Fed. Appx. 221, 224 (5th Cir. 2015). To be considered qualified and able to state a claim under the ADA, the Plaintiff must be able to perform the job's essential functions with or without reasonable accommodation. *Hypes ex rel.*

*Hypes v. First Commerce Corps.*, 134 F.3d 721, 726 (5th Cir. 1998). Essential job functions are "the fundamental job duties of the employment position of the individual with a disability holds or desires." *Weber v. BNSF Railway Company*, 989 F.3d 320, 324 (5th Cir. 2021). To avoid summary judgment on the issue of the qualified individual, Scroggins must show (1) that she "could perform the essential functions of... [her] job in spite of... [her] disability or (2) that a reasonable accommodation of... [her] disability would have enabled... [her] to perform the essential functions of the job. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996).

Several factors are considered to determine whether a job function is essential, including (1) "the employer's judgment as to which functions are essential and (2) the consequences of not requiring the incumbent to perform the function." *Weber*, 989 F.3d at 325. The employer's judgment of essentiality of a function through its words, policies, and practices is given the greatest weight. *Id.* There is a consensus among courts that regular attendance is an essential function of most jobs. *Id.* Excessive absences, even when related to a disability, are not protected by activity under the ADA because they render the plaintiff unqualified for employment. See *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *4.

In *Starts*, the Fifth Circuit held that an employee was not a qualified individual under the ADA, and the employee did not provide medical documentation to justify absences against company policy. *Starts*, 633 Fed. Appx. at 223. The employee who suffered from a work-related back injury was initially provided with work restrictions from a doctor requiring a twenty-pound lifting restriction, assignment to light duty, and a four-hour workday to which the employer complied. *Id.* at 223. Prior to and during the employee's period of accommodation, he accrued unauthorized absences. *Id.* At the employee's last medical exam, his doctor recommended that

he still follow the lifting restriction but was otherwise clear for a full shift. *Id.* After the employee missed one work shift and left early on four days, the employee stated the reason for missing was his severe back pain. *Id.* at 223-25. The court reasoned that the employee was not qualified because attendance was an essential function of the job; he did not request accommodation, and even if the plaintiff requested accommodation, he could not show that unpredictable back pain would not occur during the limited hours. *Id.* at 224-25; Also see *Hypes ex rel. Hypes*, 134 F.3d at 727 (finding an excessively absent employee was not qualified when employer only received traveling limitations by doctor and even if flexible hours had been accommodated in light of his history of tardiness and absenteeism he could not have been expected to have regular attendance); *Weber*, 989 F.3d at 326 (holding an employee was not a qualified individual; thus, the other elements of a failure to accommodate claim did not need to be addressed when it was uncertain when the employee would need to take medical leave).

SFD's policy is that Fire Engineers, such as the Plaintiff, must be able to perform the 14 essential job tasks, including having regular and predictable attendance. Ex. 4, pp.2. During the five-year period investigated, Scroggins has been absent for 64.6% of the available workdays. Ex. 3, pp. 2. Of these absences Scroggins has not provided medical documentation for the following dates

- June 4, 2018, to June 6, 2018
- June 12, 2018, to July 23, 2018
- September 17, 2018, to September 19, 2018.
- January 15, 2019, to January 21, 2019.
- February 16, 2019, to March 10, 2019.

A total of twenty-seven shifts were missed, substantially more than that of the employee in *Starts* who missed one full shift and four partial shifts. When the Plaintiff was terminated, like the employee in *Starts* who was provided with the lifting accommodation by his employer, SFD complied with the Plaintiff's and his clinician's request for limited hours. Even with that, the absences continued.

Like the employee in *Starts* who argued they would be able to perform the essential functions of the job if given limited hours, any proposed accommodation of the Plaintiff's would not result in the performance of her job's essential functions. First, the Plaintiff, once able to perform her regular duties, has been encouraged by her physician to continue working with her counselor to cope with the stressors and triggers that she will face on the job. Ex. 8. Secondly, due to an incident where the Plaintiff fell through a window, the Plaintiff suffers from "ongoing pain…and certain things will cause it to be worse on some days than others." Ex. 5, pp. 105-106. The "ongoing" shoulder, hip, and lower back pain has caused the Plaintiff's absences on multiple occasions. Ex. 5, pp. 105-106. Like the employee in *Starts* who faced unpredictable back pain, the Plaintiff can be triggered or have a flare-up at any time requiring her to be absent. Thus, there is no evidence that even if accommodation for absenteeism had been requested, the Plaintiff would have been able to perform the essential function of regular attendance.

**2. The SFD provided reasonable accommodation to the Plaintiff.**

Secondly, the SFD met its obligation to accommodate the Plaintiff. The Plaintiff and their healthcare providers have the burden of requesting an accommodation, providing the resulting limitations, and suggesting accommodations. *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). Like the employee and their doctor in *Starts*, who only identified and requested a weight restriction, and a temporary limited work time restriction, the Plaintiff and her clinician

only indicated the Plaintiff's need for a short and limited duty workday. Furthermore, the Plaintiff had not requested any accommodation, unlike the employee in B*ultemeyer* who, two days after missing the required physical that he did not think he could work in the position his employer offered and obtained a doctor's note providing that he would need a less stressful work environment. *Bultemeyer v. Fort Wayne Cmty. Sch.*, 100 F.3d 1281, 1282, 1996 WL 663829 (7th Cir. 1996) (denying summary judgment for the employer where there was a genuine issue as to whether they knew about the employee's illness, had been given a note from the employee's doctor requesting a less stressful position, and did nothing to accommodate it). This case is more analogous to *Starts* as the SFD has provided the Plaintiff with the requested accommodations, and even if accommodations had been requested because of the unpredictability of the Plaintiff's pain and triggers, there is no evidence the Plaintiff would have been able to satisfy the regular attendance requirement of her job.

**3. The SFD actions were legitimate and non-pretextual.**

The SFD's reason for Plaintiff's termination was legitimate and not pretextual. "The efficient functioning of a team necessitate[s] the presence of all members." *Hypes ex rel. Hypes*, 134 F.3d at 726. "Pretext is established through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of cadence." *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *3. Plaintiff has not produced any competent evidence which would satisfy her burden of proof on this issue.

Absenteeism is a legitimate reason for termination. *Valdez*, 2023 U.S. Dist. LEXIS 21908, at *5. While a "100% healed" policy may violate the ADA, evidence showing no requirement of full release and provision for light duty undermines the argument. *Equal Employment Opportunity Comm'n v. Methodist Hosps. of Dallas*, 218 F. Supp. 3d 495, 503 (N.D. Tex. 2016). In *Valdez*,

the court found that the Defendant was sufficiently flexible and accommodating to the employee's disability by tweaking the employee's hours. *Id.* However, the employee's attendance was unreliable due to her disability, which led to her termination. *Id.*

The SFD's decision to terminate the Plaintiff was based on the department's need for regular and predictable attendance of its Fire Engineers. Ex. 5, pp. 21-22, ln 22-10. The SFD needs regular and predictable attendance to carry out the department's fiduciary duties. Ex. 5, pp. 21-22, ln 22-10. Here, Plaintiff has established a pattern of absenteeism, with returns to full duties lasting no longer than four months over five years, totaling 1,153 days out of 1,779 available days. Ex. 3, pp. 2; Ex. 5, pp. 68 ln 5-23.

The Plaintiff did not provide documentation for twenty-seven of the work shifts she missed. After being issued the notice of pre-disciplinary conference, from August 29, 2022, to January, Plaintiff returned to work on light duty, requiring shortened hours (4-hour days) like the employee in *Valdez*. Ex. 2, pp. 2; Ex. 5, pp. 23-24 ln 13 - 14. The SFD's "Limited Duty" policy mandates limited duty shall not exceed 90 days unless approved by the Fire Chief every thirty days thereafter. Ex. 3, pp. 3. The Plaintiff's time on light duty, from August 29, 2022, to January, far exceeded SFD's 90-day limitation policy and the Chief was not required to continue to extend light duty to some unknown point in the future.

The SFD's policy is not a "100% healed" policy. The SFD light duty provides that after ninety days on light duty the Plaintiff requires approval from the Fire Chief every thirty days. Ex. 3, pp. 3. *In Methodist Hosps. Of Dallas,* the court found that while a "100% healed" policy may violate the ADA the plaintiff produced no evidence requiring her release and her employer had provided her accommodation. Here, like the plaintiff in *Methodist Hosps. Of Dallas*, the Plaintiff *was* able to work in a limited duty capacity per her clinician's instructions. Furthermore, SFD's

policy does not require full release, but rather requires that after ninety days on limited duty that the Fire Chief sign off. Ex. 3, pp. 3. Therefore, SFD's policy does not equate to a "100% healed" policy.

The SFD must pay overtime when an employee is absent, which affects the department's budget. Ex. 5, pp. 27 ln 8-22. Chris Hendry and Devon Kennedy are Fire Engineers at SFD, and they met the number of absences to be investigated. Ex. 5. pp. 137, ln 2 -3; Ex. 5, pp. 139 – 140 ln 23-19. Devon Kennedy was placed under investigation for taking more than 300 days of sick leave. Ex. 5, p 140 -142 ln 23 – 3. However, the Plaintiff has not and cannot present evidence of an employee with a higher number of absences who was not terminated. Had any of the other Fire Engineers had the worst attendance record and number of days violating the SFD's limited duty policy, they, too, would have been investigated and terminated. Plaintiff has not come forward with any evidence of disparate treatment.

The Plaintiff cannot offer any evidence that could suggest the SFD's reasons for termination were false or a pretext for discriminating against her. To survive summary judgment, the Plaintiff must "present substantial evidence that the employer's legitimate, nondiscriminatory reason for termination is pretextual." *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 480 (5th Cir. 2016). A "subjective belief of discrimination cannot be the basis of judicial relief." *Id.* (quoting *EEOC v. LA office of Cmty. Servs.*, 47 F.3d 1438, 1448 (5th Cir. 1995)). The Plaintiff has not presented no non-subjective evidence and cannot do so.

## **CONCLUSION**

For the foregoing reasons, Defendant Respectfully submits that summary judgment should be granted, and that all the Plaintiffs claims should be dismissed, with prejudice and at the Plaintiff's cost.

Respectfully submitted,

PETTIETTE, ARMAND, DUNKELMAN, WOODLEY & CROMWELL, L.L.P.

By: /s/ Joseph S. Woodley
Joseph S. Woodley, Bar #19228
Marshall L. Perkins, Bar #36979

400 Texas Street, Suite 400 (71101)
Post Office Box 1786
Shreveport, Louisiana 71166-1786
(318) 221-1800 Telephone
(318) 226-0390 Facsimile
E-mail: jwoodley@padwbc.com
E-mail: mperkins@padwbc.com

ATTORNEYS FOR DEFENDANT,
THE CITY OF SHREVEPORT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF System. Notice of this filing has been served on all parties via the Court's electronic filing CM/ECT System or served, by mail, properly addressed, with requisite postage affixed thereon, and placed in the United States mail on this 17th day of February, 2024.

/s/ Joseph S. Woodley
OF COUNSEL